*687 OPINION OF THE COURT
Frank P. Nervo, J.
It is ordered that defendant’s motion to dismiss the information for facial insufficiency (CPL 100.40; 170.30) is granted and the information is dismissed, and it is further ordered that the remainder of the motion, requests for Mapp, Huntley and Sandoval hearings and for discovery is denied as academic, and it is further ordered that, on the court’s own motion, sealing is stayed for a period of 30 days from the date of this order.
Defendant moves to dismiss the information charging defendant with a violation of Penal Law § 275.35, failure to disclose the origin of a recording in the second degree.
The information signed by the arresting officer, quoting the statute’s language, alleges that at 5:25 p.m., in front of 163 West 125th Street, “defendant, for commercial advantage, possessed for the purpose of offering for sale and rental a recording the outside cover of which did not clearly and conspicuously disclose the actual name and address of the manufacturer and principal artist.”
The officer alleges that he recovered 49 digital video discs (DVDs), inside DVD cases, from inside defendant’s backpack.
Defendant argues that “[t]here are simply no allegations from which one could even circumstantially infer that the DVDs were posessed for a commercial purpose, or that they were offered for sale.”
The People argue that the information “make[s] out a prima facie case for the crime. Here, defendant possessed forty-nine (49) compact discs [szc] which each failed to disclose the origin of said recording. The sheer quantity of the compact discs [szc] that the defendant possessed shows his intent to commercially distribute said items.”
Neither defendant nor the People cite any cases in support of their argument.
While the allegation that an accused possessed a large number of recordings may be a factor in determining intent to sell and thus whether the information is facially sufficient cf. People v Kane, 14 Misc 3d 283 [2006]), this factor, by itself, is not sufficient to state a prima facie case. In People v Kane, the court noted that other “factors include the . . . manner in which the goods were displayed, the defendant’s interaction with the public as well as the goods, the length of time that the defendant engaged in the conduct, and the time and place of the alleged *688 conduct.” (Id. at 287.) The court inferred that defendant’s conduct, removing a bag containing the compact discs from under a trash bag concealed in a trash can, coupled with the large number of items, 141, and his statement that he was finished selling for the day, demonstrated an intent to sell.
Here, there are no allegations of any conduct by defendant. He did not furtively remove concealed items, there is no indication that his bag that allegedly contained the items was open, that he displayed the items in any manner indicating an intent to sell. While he may have possessed the DVDs, there are no facts in the information that allow the court to infer that the possession was for distribution and not merely personal use.